01
02
03
04
05
06
07

08                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
09                                    AT SEATTLE

10  DANIEL J. SIMMS,                          )
                                              )   Case No. C06-879-TSZ-JPD
11                  Petitioner,               )
                                              )
12      v.                                    )
                                              )   REPORT AND RECOMMENDATION
13  REED HOLTGEERTS,                          )
                                              )
14                  Respondent.               )
                                              )
15  _____  )

16              I.   INTRODUCTION AND SUMMARY CONCLUSION

17          Petitioner is a state prisoner who has filed a *pro se* petition for a writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.  Dkt. Nos. 1, 6.  Respondent has filed a response opposing the

19  petition, in which he argues petitioner's claims are unexhausted.  Dkt. No. 11.  After careful

20  consideration of the parties' pleadings and the balance of the record, the Court recommends

21  that the petition be DISMISSED.

22                  II.   FACTS AND PROCEDURAL HISTORY

23          On July 27, 2006, the King County Superior Court issued a judgment and sentence

24  against petitioner for third-degree assault and bail jumping.  Dkt. No. 1 at 1; Dkt. No. 11, Ex.

25  1.  Petitioner is currently confined at the King County Jail in Seattle, Washington, and has been

26

REPORT AND RECOMMENDATION
PAGE - 1

01  so since February 19, 2006.[1]   Petitioner has not filed a direct appeal or a personal restraint

02  petition challenging fact or structure of his sentence.

03          On June 26, 2006,  petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus

04  with this Court.  Dkt. No. 1.  The Court declined to serve the petition because it failed to name

05  a proper respondent.  Dkt. No. 3.  Petitioner later amended the petition, twice, and the Court

06  directed service.  Dkt. Nos. 4-6.[2]   On September 15, 2006, respondent filed an answer (Dkt.

07  No. 11), which was replied to by petitioner on September 29, 2006 (Dkt. No. 12).  Petitioner's

08  second amended petition and the full record in this case are now before the Court.  Dkt. Nos. 6,

09  1.

10                          III.   CLAIMS FOR RELIEF

11          Petitioner raises four claims for relief in his petition:  (1) lack of *in personam*

12  jurisdiction; (2) lack of subject-matter jurisdiction; (3) "Violation of State & Federal

13  Constitution to proceed pro se"; and (4) violation of his confrontation rights as guaranteed by

14  the Sixth Amendment of the U.S. Constitution and Article I, § 22 of the Washington State

15  Constitution.  In his answer, respondent argues that petitioner has failed to exhaust his claims in

16  state court.  Dkt. No. 11.

17                          IV.   DISCUSSION

18          In order for a federal district court to review the merits of a § 2254 petition for writ of

19  habeas corpus, the petitioner must first exhaust his state court remedies.  28 U.S.C.

20  § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005); *see also*

21  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("[A] would-be habeas corpus

22  _____

23          [1]  It appears that counsel for respondent has been unable to obtain a copy of petitioner's
    judgment and sentence, due to the recency of that entry.  *See* Dkt. No. 11, at 1.  Petitioner does
24  not   dispute that it exists.

25          [2]  Petitioner's second amended complaint provides no substantive claims.  Instead, it corrects
    the deficiency in the previous petitions by naming a proper respondent and refers to the initial
26  petition as the source of the relevant substantive claims.  *See* Dkt. No. 6.

REPORT AND RECOMMENDATION
PAGE - 2

01  petitioner must await the outcome of his [state court] appeal before his state remedies are

02  exhausted.").  A habeas petitioner must present his federal claims to state court in order to give

03  the state the opportunity to pass upon and correct violations of its prisoners' federal rights.

04  The exhaustion requirement is satisfied when the petitioner either (1) fairly and fully presents

05  each of his federal claims to the state's highest court, or (2) demonstrates that no state remedies

06  are available to him.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A petitioner fairly

07  and fully presents a claim if he submits it "(1) to the proper forum, (2) through the proper

08  vehicle, and by providing the proper factual and legal basis for the claim."  *Insyxiengmay v.*

09  *Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (emphasis added) (internal citations omitted); *see*

10  *also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (indicating that exhaustion requires

11  petitioners to make "reference to a specific federal constitutional guarantee, as well as a

12  statement of the facts that entitle the petitioner to relief").

13         Here, petitioner has failed to demonstrate that he has fairly and fully exhausted his

14  federal claims in state court.  The Court finds no indication from the record evincing

15  petitioner's attempt to appeal his 2006 judgment and sentence.  Indeed, petitioner's first,

16  amended, and second amended petitions clearly state he did not appeal it.  *See* Dkt. Nos. 1, 4,

17  6.[3]  Unexhausted claims are not cognizable in a federal habeas corpus action.  *Fields v*, 401

18  F.3d at 1020.  Before presenting his claims for relief to this Court, petitioner must first give

19  Washington courts the opportunity to rule on them.

20         Petitioner is additionally reminded that the Ninth Circuit requires that a habeas

21  petitioner explicitly identify the federal basis of his claims either by identifying specific portions

22  of the federal Constitution or statutes, or by citing federal or state case law that analyzes the

23  federal Constitution.  *Insyxiengmay*, 403 F.3d at 668.  This is to ensure that state courts are

24  adequately alerted to the fact that petitioner is raising federal constitutional claims.  *Hiivala v.*

25

26         [3] It appears that petitioner's reply also concedes this fact.  *See* Dkt. No. 12 at 2.

REPORT AND RECOMMENDATION
PAGE - 3

01   *Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  Alluding to broad constitutional principles and

02   "human rights,' without more, does not satisfy the exhaustion requirement.  *Id.*  Although *pro*

03   *se habeas* petitioners may be entitled to more leniency than petitioners with counsel, *Sanders v.*

04   *Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), petitioners ordinarily do not satisfy the exhaustion

05   requirement if the state court must read beyond their motion in order to be alerted to their

06   claims.  *Baldwin v. Reese*, 541 U.S. 27,  32 (2004).

07           Under any analysis, petitioner's current § 2254 petition is unexhausted and should be

08   dismissed.

09                               V.   CONCLUSION

10           Because petitioner has failed to properly exhaust his federal claims in state court, the

11   Court recommends that his 28 U.S.C. § 2254 petition be DISMISSED without prejudice.  A

12   proposed order accompanies this Report and Recommendation.

13

14           DATED this 24th day of October, 2006.

15

16                                        *James P. Donohue*

17                                        JAMES P. DONOHUE
                                          United States Magistrate Judge

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 4